No. 24-1099

# In the United States Court of Appeals for the Seventh Circuit

**Donald Nicodemus**,

*Plaintiff-Appellant*

*v.*

**City of South Bend, Indiana**,

*Defendant-Appellee*

*and*

**State of Indiana**,

*Intervenor/Defendant-Appellee*

On Appeal from the U.S. District Court
for the Northern District of Indiana, South Bend Division,
Case No. 3:23-cv-00744-DRR-MGG, Honorable Damon R. Leichty, District Judge

# Appellees' Unopposed Motion for Extension of Time to File Appellees' Opening Brief

Theodore E. Rokita
Indiana Attorney General
Attorney No. 18857-49

James Bopp, Jr., Ind. Bar No. 2838-84
Joseph D. Maughon, Va. Bar No. 87799
THE BOPP LAW FIRM, PC
The National Building
1 South 6th Street
Terre Haute, IN 47807
Telephone: 812/232‑2434
Facsimile: 812/235-3685
jboppjr@aol.com
jmaughon@bopplaw.com
*Attorneys for Intervenor/Defendant-Appellee*

# Appellees' Unopposed Motion for Extension of Time to File Appellees' Opening Brief

Pursuant to Federal Rule of Appellate Procedure 26 and Circuit Rule 26, Appellees City of South Bend, Indiana and State of Indiana (collectively, "**Appellees**") move for a 30-day extension of time to file Appellees' Opening Brief.[1] Appellees' Opening Brief is currently due on Wednesday, April 10, 2024. If this motion is granted, Appellees' Opening Brief will be due on Friday, May 10, 2024. The time for filing this brief has not previously been extended.

Counsel for Intervenor/Defendant-Appellee State of Indiana consulted with counsel for Appellant, who stated they have no objection to the requested extension.

Appellees request this 30-day extension for good cause. Pursuant to Circuit Rule 26, the facts which establish that with due diligence, and giving priority to the preparation of the brief, it will not be possible to file the brief on time, are detailed in the attached declaration, made under penalty of perjury pursuant to 28 U.S.C. § 1746.

**WHEREFORE**, having shown good cause in their supporting declaration, Appellees pray this Court grant the requested 30-day extension of time to file their Opening Brief, to May 10, 2024.

---

[1] In accordance with this Court's January 23, 2024 Order, Appellees intend to file a joint brief. *See* Order, D. 2.

| | |
|---|---|
| April 2, 2024 | Respectfully submitted, |
| Joseph W. Smith, Ind. Bar No. 29663-64<br>Knight, Hoppe, Kurnik & Knight, Ltd.<br>233 East 84th Drive, Suite 301<br>Merrillville, IN 46410<br>JSmith@khkklaw.com<br>Phone: 219/322-0830<br>Fax: 219/322-0834 | Theodore E. Rokita<br>Indiana Attorney General<br>Attorney No. 18857-49<br><br>By:<br>/s/Joseph D. Maughon<br>James Bopp, Jr., Ind. Bar No. 2838-84<br>Joseph D. Maughon, Va. Bar No. 87799 |
| Matthew S. Clark, Ind. Bar No. 33712-45<br>Knight, Hoppe, Kurnik & Knight, Ltd.<br>5600 North River Road, Suite 600<br>Rosemont, Illinois 60018<br>mclark@khkklaw.com<br>Phone: 847/261-0700<br>Fax: 847/261-0714 | THE BOPP LAW FIRM, PC<br>The National Building<br>1 South 6th Street<br>Terre Haute, IN 47807<br>Telephone: 812/232 2434<br>Facsimile: 812/235-3685<br>jboppjr@aol.com<br>jmaughon@bopplaw.com |
| *Attorneys for City of South Bend* | *Attorneys for Intervenor/Defendant-Appellee* |

# Certificate of Compliance with Type-Volume Limit

This document complies with the word limit of Fed. R. App. P. 32(c)(1) and 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 205 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6), and Circuit Rule 32(b) because this document has been prepared in a proportionally spaced typeface using WordPerfect 2020 in Times New Roman 12-point font.

April 2, 2024 /s/ Joseph D. Maughon
Joseph D. Maughon
*Attorney for Intervenor/Defendant-Appellee*

# No. 24-1099

# In the United States Court of Appeals for the Seventh Circuit

---

**Donald Nicodemus**,

*Plaintiff-Appellant*

*v.*

**City of South Bend, Indiana**,

*Defendant-Appellee*

*and*

**State of Indiana**,

*Intervenor/Defendant-Appellee*

---

On Appeal from the U.S. District Court
for the Northern District of Indiana, South Bend Division,
Case No. 3:23-cv-00744-DRR-MGG, Honorable Damon R. Leichty, District Judge

---

# Declaration in Support of Appellees' Unopposed Motion for Extension of Time to File Appellees' Opening Brief

---

Theodore E. Rokita
Indiana Attorney General
Attorney No. 18857-49

James Bopp, Jr., Ind. Bar No. 2838-84
Joseph D. Maughon, Va. Bar No. 87799
THE BOPP LAW FIRM, PC
The National Building
1 South 6th Street
Terre Haute, IN 47807
Telephone: 812/232‑2434
Facsimile: 812/235-3685
jboppjr@aol.com
jmaughon@bopplaw.com
*Attorneys for Intervenor/Defendant-Appellee*

# Declaration in Support of Appellees' Unopposed Motion for Extension of Time to File Opening Brief

I, Joseph D. Maughon, make the following declaration pursuant to 28 U.S.C. § 1746:

1. Despite the due diligence of Defendant/Intervenor-Appellees' counsel ("**BLF**"), and giving priority to the preparation of Appellees' Opening Brief in this matter, BLF will be unable to adequately devote the required time to the brief, and it will not be possible for BLF to file said brief by April 10, 2024.

2. Deadlines, disputes, and questions from long-time clients in ongoing matters interfere with the ability of Mr. Bopp, Mr. Maughon, and associated counsel to complete the Appellees' Opening Brief by April 10, 2024.

3. BLF is involved in numerous ongoing matters, including matters requiring the attention of Mr. Bopp, who oversees all BLF matters; Mr. Maughon, who is the lead associate in this case and assisted amply in the district court case and a similar case in the Southern District of Indiana (*Reporters Comm. for Freedom of the Press v. Rokita*, No. 1:23-cv-1805); and Ms. Taylor Shetina, a BLF attorney assisting in this matter, who is lead associate in *Reporters Committee* and whose assistance in the present case is integral in light of her familiarity with the issues.

4. In particular, in *Disability Rights Oregon v. Baden*, No. 3:02-cv-00339, pending in the U.S. District Court for the District of Oregon, BLF was retained in late March 2024 to promptly intervene and appeal on an expedited basis, stemming from a March 6, 2024 order, leaving counsel with limited time to complete these critical tasks. The urgent nature of that litigation and the need for expedition, requiring the filing of an appellant's brief as soon as reasonably possible in early April, with BLF already having filed a Notice of Appeal on March 29, 2024 and

**Decl. Supp. of Appellees' Unopposed Mot.
for Extension of Time to File Opening Br.**

anticipating the need to file another notice of appeal in early April, has required work from all active BLF attorneys, including Mr. Bopp, Mr. Maughon, and Ms. Shetina. This "all hands on deck" *Disability Rights* matter has required the vast majority of Mr. Maughon's time since BLF was retained and a great deal of Mr. Bopp and Ms. Shetina's time. It has also required ample time from other BLF counsel, who therefore cannot relieve any of those attorneys from that work. A continuance cannot reasonably be sought without prejudicing the parties involved.

5.  BLF is involved in a variety of additional litigation.

6.  This additional litigation includes work in *Fagan v. County of LaPorte*, Cause No. 46C01-2306-PL-001086-SJ JWC, pending in the LaPorte Superior Court in Indiana, in which the parties have already been granted a continuance by the court on November 13, 2023, to allow for the completion of all outstanding depositions. Ms. Shetina's particularized knowledge of the case means she is best suited to handle a number of these court-ordered depositions. Furthermore in *Fagan*, on March 14, 2024, BLF filed a Motion to Set Hearing on Plaintiff's Motion for Preliminary Injunction, which is currently pending before the court. Given the already granted continuance, the pending motion, and Ms. Shetina's deep knowledge of the case, *Fagan* must be accorded high priority by BLF, including Ms. Shetina.

7.  This litigation also includes three related cases pending in the United States District Court for the Northern District of Illinois: *Rondon v. Allstate*, Case No. 1:24-cv-01494; *Parson v. Allstate*, Case No. 1:24-cv-01493; and *Hymel v. Allstate*, Case No. 1:24-cv-01495, to which Ms. Shetina is also assigned. These cases were originally part of a multi-plaintiff civil action for monetary damages based on breach of contract, which was severed into three separate actions on

February 22, 2024, effectively tripling the workload for Appellee's counsel. In *Rondon*, a status hearing was held on March 19, 2024, and counsel filed an amended complaint on March 29, 2024, with the defendant expected to file a responsive pleading by April 19, 2024. In *Parson*, counsel has a status report due April 8, 2024. In *Hymel*, an initial status hearing is set for April 18, 2024, and a joint status report is due by April 15, 2024. In each case, counsel must draft and file an amended complaint, adhering to the substantive laws of each of these three different states and varying statutes of limitations for each claim and theory. No requests for continuance or deferment have been made in these cases due to the plaintiffs' need for prompt relief.

8. Further matters in which BLF is involved are litigation in the U.S. District Court for the District of Oregon, *Oregon Right to Life v. Stolfi*, 6:23-cv-01282-MK; U.S. District Court for the District of Nevada, *Glick v. McKay*, 3:85-cv-00331-ART-CSD; Circuit Court of Cook County, Illinois, *NAPAA v. Allstate*, No. 21-L-7947; U.S. District Court for the District of Columbia, *True the Vote, Inc. v. IRS*, 1:13-cv-000734; Indiana Court of Appeals, *Kay v. The Irish Rover*, 24A-CT-335 and *Rokita v. Tully*, 23A-PL-00705; and U.S. District Court for the Southern District of Indiana, *The Bopp Law Firm, PC v. True the Vote, Inc.*, 2:23-cv-120. Ongoing needs and/or needs that will arise in these cases further limit other BLF attorneys' availability to work on Appellees' Brief in this matter or relieve Appellee's counsel of other litigation.

9. Mr. Bopp and Jeffrey P. Gallant, the managing associate of BLF, as well as other BLF attorneys provide on-demand federal tax law and other general counsel and advisory counsel services to several entities. Management, reporting, and requests for compliance advice have increased in the past two months, which further limits these attorneys' availability to work on

Appellees' Brief in this matter or relieve Appellee's counsel of other litigation.

10. Finally, the complex issues presented in the Appellant's and amicus briefs in the present case require undersigned counsel to dedicate substantial time to thoroughly research and analyze the legal arguments and prepare a comprehensive brief that adequately addresses the matters before this Court. This extension is sought for the purpose of ensuring that Appellees' counsel can provide effective assistance and adequately represent Appellees' interests before this Court.

11. James Bopp, Jr., who serves as BLF's lead counsel in this case, also serves as lead counsel in the cases referenced above.

12. Each of the above-noted matters are active litigation (included expedited matters) or on-demand services, where continuances or deferments have a greater effect than does an extension in pursuit of an appeal of a case that has been dismissed.

13. Appellees have not filed this motion for extension in order to cause undue delay or burden.

14. Appellees have not previously requested an extension for their Opening Brief.

15. Appellees' counsel consulted with Appellant's counsel before submitting this motion for extension, and they do not object to the extension sought.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on April 1, 2024.

Joseph D. Maughon
*Attorney for Intervenor/Defendant-Appellee*

**Decl. Supp. of Appellees' Unopposed Mot.
for Extension of Time to File Opening Br.**     4